1 MELINDA HAAG (CABN 132612)
 United States Attorney

2

3 MIRANDA KANE (CABN 150630)
 Chief, Criminal Division

4 KATHRYN R. HAUN  (DCBN 484131)
 Assistant United States Attorney

5

6  450 Golden Gate Ave., Box 36055
  San Francisco, California 94102

7  Telephone:  (415) 436-7200
  Fax: (415) 436-7234

8  E-Mail: kathryn.haun@usdoj.gov

9 Attorneys for United States

10      UNITED STATES DISTRICT COURT

11      NORTHERN DISTRICT OF CALIFORNIA

12       SAN FRANCISCO DIVISION

13

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  11 CR-624 WHA |
| Plaintiff, | |
| v. | **STIPULATED NOTICE AND PROPOSED ORDER** |
| DESIREE MACLEAN, | Sentencing: February 14, 2012 at 2:00 p.m.* |
| Defendant. | |

   Defendant Desiree Maclean entered a change of plea pursuant to a Rule 11(c)(1)(c) Plea Agreement before the Court on November 8, 2011.  In that Agreement, the parties agreed that the adjusted offense level was 12.  The parties have recently discovered, however, that the correct adjusted offense level was 13.

   The reason for this was that the Plea Agreement contemplated a 3-level reduction in the offense level for acceptance of responsibility.  However, the Probation Officer correctly alerted the parties that the reduction for acceptance of responsibility should be done after, and not before, the minor role reduction per U.S.S.G. § 1B1.1(a).  The existing Plea Agreement, attached as Exhibit A hereto for the Court's convenience, provides for an Offense Level of 19, a 3 level

PLEA AGREEMENT STIPULATION
US v. MACLEAN

reduction for acceptance of responsibility (resulting in a level 16) and a 4 level reduction for minimal role (resulting in an adjusted offense level of 12).  The correct order, however, is for the minimal role reduction to occur *before* the acceptance reduction.  In other words, an Offense Level of 19 with a minimal role reduction of 4 yields an offense level 15.  The maximum acceptance of responsibility points that may be awarded for an offense level that is less than 16 is 2 levels, not 3 levels.  *See* U.S.S.G. § 3E1.1(b).  Thus, the proper guidelines are an Offense Level of 19, less 4 levels for the minimal role reduction (yielding a level 15) and less 2 levels for acceptance of responsibility.  The parties overlooked the correct order of reductions in the existing Plea Agreement, and it makes a difference in this case because the Court may award a maximum of 2 levels  – as opposed to 3 levels – for acceptance of responsibility.

This notwithstanding, the parties continue to believe that a sentence at the low end of the guideline range, for an adjusted offense level 13 instead of a 12, is an appropriate disposition when taking into account all of the 18 U.S.C. Section 3553(a) factors.  Furthermore, the parties continue to believe that the defendant should be permitted to argue for a sentence of home detention pursuant to U.S.S.G. § 5C1.1 in the event that she falls within Zone C of the guidelines range.  The parties intend to detail why that is so in their respective sentencing memoranda to the Court.  However, because the existing Plea Agreement contains an incorrect guidelines calculation, the parties believe the best course of action is to amend the existing Plea Agreement so as to reflect the correct adjusted offense level as a 13 rather than a 12.

With the Court's permission, the parties are prepared to either (1) execute a short amendment to the existing Plea Agreement, or alternatively to (2) execute an entirely new Plea Agreement.  In either scenario the parties would lodge a draft with the Court in advance of the next scheduled appearance, February 14, 2012, and would also be prepared for the Court to conduct a brief voir dire with the defendant with respect to the revised Plea Agreement or amendment thereto at the sentencing hearing.  The parties would be prepared to proceed with sentencing at the same hearing, scheduled for February 14, 2012.  A proposed Order is attached for the Court's consideration, as it is hoped that the Court can inform the parties which course of action it deems appropriate in these circumstances.

Finally, the sentencing date and time in this matter is set for February 14, 2012 at 2:00 p.m.  The undersigned Assistant U.S. Attorney will anticipates she will be in an ongoing murder trial before Judge Richard Seeborg on that date, and the parties therefore respectfully request that the matter be called last, or as late as possible, on the Court's calendar on February 14, 2012.

IT IS SO STIPULATED.


DATED: January 12, 2012                    Respectfully submitted

                                           MELINDA HAAG
                                           United States Attorney


                                           _____/s/_____
                                           KATHRYN HAUN
                                           Assistant U.S. Attorney


                                           _____/s/_____
                                           JOSHUA B. DAVIS
                                           Counsel for Defendant

PLEA AGREEMENT STIPULATION
US v. MACLEAN                    3

**[PROPOSED] ORDER**

The parties have filed a stipulated notice of intent to amend the Plea Agreement in this case. Upon consideration of that notice, the Court hereby directs that, by February 10, 2012, the parties shall lodge with the Court:

[(A)    An Amendment to the existing Plea Agreement    _____]

[(B)    A Revised Plea Agreement                              ___ x ____]

[(C)    Other _____]

Upon the filing of the above-mentioned document, the matter will proceed with sentencing as presently calendared [at 2:45 p.m.].


IT IS SO ORDERED.


DATED: January 17, 2012.                    

                                            _____

                                            William Alsup
                                            UNITED STATES DISTRICT JUDGE